UNITED STATES, Appellee,

v.

Samuel A. MARVIN, Private First
Class U.S. Marine Corps,
Appellant.

No. 52,200.
NMCM 84 1694.

U.S. Court of Military Appeals.

Aug. 31, 1987.

For Appellant: *James R. Klimaski*, Esq.,
*Lynn I. Miller*, Esq., *Lieutenant J. Cunyon Gordon*, JAGC, USNR (on brief); *Captain David C. Larson*, JAGC, USN.

For Appellee: *Captain Carl H. Horst*,
JAGC, USN and *Lieutenant Robert G. Sosnowski*, JAGC, USNR (on brief); *Commander Michael P. Green*, JAGC, USN.

PER CURIAM:

In a contested special court-martial with members Marvin was convicted of distributing[1] lysergic acid diethylamide (LSD).[2] He complains that the military judge erred in denying his motion to have the court members view the situs of the alleged crime and to admit testimony about a reenactment of the offense—testimony which would address a law-enforcement agent's claim of having seen the distribution of the LSD. 21 M.J. 107 (A.C.M.R.1985).

According to the Government's evidence, Special Agent Claude Rivers of the Naval Investigative Service set up and monitored a controlled purchase of LSD by Sergeant John Keesey from appellant. The alleged transaction occurred in front of a third-floor barracks window and was observed by Rivers from a van parked 50 to 60 yards away.

As appellant puts it in his brief to this Court, "[T]he 'main thrust' of the defendant's case [was] that he was not the individual in Sgt. Keesey's room during the alleged drug transaction." The only prosecution evidence directly to the contrary was the testimony of Keesey himself, and the defense devoted much time and effort to impeach it. Although Agent Rivers offered testimony about his witnessing the distribution, he candidly acknowledged that he was unable, at the time of the occur-

---

1. SpCMO No. 3–84 dated April 5, 1984, incorrectly reflects this offense was dismissed; it should be specification 1.

2. For this single offense, appellant was sentenced to bad-conduct discharge, confinement for 6 months, forfeiture of $367.00 pay per month for 6 months, and reduction to the lowest enlisted grade. The convening and supervisory authorities approved these results, and the Court of Military Review affirmed.

rence, to identify appellant as the distributor. Furthermore, he was unable in the courtroom to identify appellant as the person whom he had seen distribute LSD to Sergeant Keesey.

Since challenging Rivers' ability to identify appellant as the perpetrator was the principal reason[3] underlying the defense request that the court members view the site, the military judge was well within his discretion in denying that request.[4] Indeed, in light of Rivers' candid acknowledgment of his inability to identify appellant as the perpetrator, the evidence sought to be elicited by the defense either from the view or through testimony about the reenactment would seem of marginal relevance at best. *See* Mil.R.Evid. 401, Manual for Courts-Martial, United States, 1969 (Revised edition).

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Judge SULLIVAN did not participate.

---

3. Through the requested view by the members, the defense also sought generally to challenge Agent Rivers' testimony describing the incident. In this way, appellant now theorizes that he would have undermined Rivers' general corroboration of Keesey, who, otherwise, had been significantly impeached. Although the defense theory is legitimate, as a practical matter Agent Rivers' frank concession that he was unable to recognize and identify appellant took the teeth from this tiger.

4. Paragraph 54*e*, Manual for Courts-Martial, United States, 1969 (Revised edition), in effect at the time of appellant's trial, provided:

In exceptional circumstances, the military judge ... may as a matter of sound discretion authorize the court to view or inspect the premises or place or an article or object if the view or inspection is necessary to enable the members better to understand and apply the evidence in the case. The proceeding is authorized only if conducted in the presence of counsel, the accused, and, in a court-martial with a military judge, the military judge. The view should not be undertaken if the members of the court are already familiar with the premises involved or if photographs, diagrams, or maps adequately present the situation.